STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HUGH EDWARD CROW, II,
*Defendant-Appellant.*

Marion County Circuit Court
11C51560; A152646

345 P3d 457

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rolf C. Moan, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of murder and sentenced to life in prison with a possibility of parole after 360 months and lifetime post-prison supervision. The court also imposed a $20,000 court-appointed attorney fee, $642 in other assessments, and $650 in restitution to the Department of Human Services. Defendant appeals the judgment of conviction, raising two assignments of error. We reject his first assignment of error—pertaining to the trial court's denial of his motion to suppress evidence of statements that he made to police officers—without discussion. In his second assignment of error, he contends that the trial court erred in ordering him to pay $20,000 in court-appointed attorney fees. Defendant acknowledges that he did not preserve this claim of error; however, he argues that, as in *State v. Coverstone*, 260 Or App 714, 715-17, 320 P3d 670 (2014), because there was no evidence in the record regarding his present or future ability to pay the fees, the error is "plain," and we should exercise our discretion to correct it under ORAP 5.45(1). He points out that he was homeless at the time of the offense, and there was no evidence that he had any financial assets at the time of trial. The state concedes that "the record in this case is essentially indistinguishable from the record in *Coverstone*," *see* 260 Or App at 715-17, and, therefore, that we should reverse the portion of the judgment requiring defendant to pay attorney fees. We agree and accept the state's concession. For the reasons discussed in *Coverstone*— the graveness of the error, the length of defendant's prison term, and the lack of any evidence of financial resources— we conclude that it is appropriate to exercise our discretion to correct the error in this case.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.